UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| SCHAEFFER, <br><br> Plaintiff, <br> v. <br><br> TRACEY, et al., <br><br> Defendants. | Civil Action No. <br> 2:15-CV-08836-MCA-SCM <br><br> **OPINION CONCERNING DOCUMENTS SUBMITTED FOR** *IN CAMERA* **REVIEW** <br><br> Thursday, February 02, 2017 |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court are cross-motions to enforce a subpoena and a protective order, filed respectively, by Plaintiff Angela Schaeffer ("Ms. Schaeffer") and non-party the Morris County Prosecutor's Office ("Prosecutor's Office" or "Prosecutor").[1] Ms. Schaeffer's subpoena seeks production of certain internal affairs documents generated and maintained by the Prosecutor's Office which are being withheld on various privilege grounds.[2] On October 14, 2016, the parties entered a consent protective order under which the Prosecutor agreed to submit documents for *in camera* review to the Court.[3] The records were submitted to the Court for *in camera* review on about November 4, 2016. Having reviewed the parties' submissions, the Court decides the motions

---

[1] (ECF Docket Entry ("D.E.") No. 51, 60).

[2] The at-issue subpoena was directed to Morris County Prosecutor Frederic M. Knapp. A county prosecutor's office is not a *jural* entity subject to suit separate from the individual appointed to serve as the county prosecutor. *Watkins v. Attorney Gen. of New Jersey*, No. CIV. 06-1391(JLL), 2006 WL 2864631, at *3 (D.N.J. Oct. 4, 2006). Therefore, all references to the Morris County Prosecutor's Office shall mean Morris County Prosecutor Frederic M. Knapp.

[3] (D.E. 63).

without oral argument. For the reasons set forth herein, Ms. Schaeffer's motion is **granted in part** and the Prosecutor's motion is **denied**.

## I.   MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[4] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[5] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[6]

## II.  BACKGROUND[7]

Ms. Schaeffer filed this suit against Defendants the Township of Roxbury, the Borough of Hopatcong, Thomas Van Houten ("Mr. Van Houten" or "Officer Van Houten") and four other law enforcement officers for § 1983 civil rights violations.[8] Ms. Schaeffer alleges that while working as a confidential informant for the Township of Roxbury and the Borough of Hopatcong, Officer Van Houten, who has since retired, abused his position of authority for sex, "forwarded nude images of him[self] to Schaeffer and overtly and repeatedly pressured Schaeffer into sexual liaisons and threesomes with him and another woman and/or women."[9] Ms. Shaeffer complained

---

[4] 28 U.S.C. § 636(b)(1)(A).

[5] L. Civ. R. 72.1(a)(1); L. Civ. R. 37.1.

[6] § 636(b)(1)(A).

[7] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only.

[8] (Complaint, D.E. 1 ¶¶ 26-27).

[9] (*Id.* ¶¶ 26-28).

about Officer Van Houten's conduct.[10] The Morris County Prosecutor's Office reviewed Ms. Schaeffer's allegations against Officer Van Houten and determined that her allegations of misconduct could not be proven "beyond a reasonable doubt."[11] The Prosecutor's Office further informed her that Officer Van Houten had resigned his position as a Roxbury Township police officer and therefore it would "take no further action."[12]

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure "allow broad and liberal discovery."[13] Under Federal Rule of Civil Procedure ("Rule") 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[14] District courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage.[15] Accordingly, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."[16]

"Although the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed."[17] A court may issue a protective order to regulate the terms,

---

[10] (*Id.* ¶¶ 29-30).

[11] (D.E. 51-3 at 16, Cert. of Jeffrey M. Patti ("Patti Cert.") Exh. B).

[12] (*Id.*).

[13] *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999).

[14] FED. R. CIV. P. 26(b)(1)-(2).

[15] *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

[16] FED. R. CIV. P. 26(b)(1).

[17] *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

3

conditions, time or place of discovery.[18] The moving party for a protective order bears the burden of showing good cause for the issuance of a protective order "by demonstrating a particular need for protection [and] [b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."[19]

To make a showing of good cause, the party seeking confidentiality has the burden of showing the injury 'with specificity.'"[20] "Broad allegations of harm, unsubstantiated by specific examples, [] will not suffice."[21] Courts typically consider the following *Pansy* factors in assessing whether sufficient good cause exists for the issuance of a protective order:

> 1) whether disclosure will violate any privacy interest;
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> 3) whether disclosure of the information will cause a party embarrassment;
> 4) whether confidentiality is being sought over information important to public health and safety;
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
> 7) whether the case involves issues important to the public.[22]

---

[18] FED. R. CIV. P. 26(c).

[19] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citing Fed. R. Civ. P. 26(c)); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986) *(citing United States v. Garrett,* 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978).

[20] *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000) (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

[21] *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 786)).

[22] *Id.* (citing *Pansy*, 23 F.3d at 787-91).

## IV. DISCUSSION

The Prosecutor's Office bears the burden of demonstrating good cause exists for the issuance of a protective order. The threshold inquiry in any discovery dispute is whether the at-issue records or information is relevant to any party's claim or defense. Thus, the Court will first determine whether the withheld documents are relevant and next, look to the privilege log and asserted privilege claims in finding the presence or absence of good cause.

### a. Relevance

As an initial matter, the Court finds that the documents marked MCPO 420 – 422 concerning a motor vehicle accident in 2000 are not relevant to this case. However, the balance of the withheld documents is relevant as discussed below. Ms. Schaeffer asserts *Monell* claims against the Township of Roxbury as well as § 1983 civil rights claims against former Officer Van Houten.[23] To prove *Monell* liability, a plaintiff must prove that the alleged constitutional violation resulted from an official policy or an unofficial custom."[24] As previously explained in this District,

> A government policy or custom can be established in two ways. Policy is made when a decision maker possessing final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict. A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials [are] so permanently and well-settled as to virtually constitute law. [25] Proving the existence of a custom "requires proof of knowledge and acquiescence by the decision maker."[26] "A custom of failing to investigate citizen complaints may provide a basis for municipal

---

[23] (*See generally* D.E. 1). Also s*ee Monell v. New York City Dep't. of Social Services*, 436 U.S. 658 (1978)).

[24] *Torres v. Kuzniasz*, 936 F. Supp. 1201, 1206 (D.N.J. 1996) (citing *Monell*, 436 U.S. at 658).

[25] *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (quotations omitted).

[26] *Reid v. Cumberland Cnty*., 34 F. Supp. 3d 396, 403 (D.N.J. Mar. 18, 2013) (quoting *McTernan*, 564 F.3d at 658).

> liability if 'a policy-maker (1) had notice that a constitutional violation was likely to occur, and (2) acted with deliberate indifference to the risk.'"[27]

A plaintiff must also "show why those prior incidents deserved discipline and how the misconduct in those situations was similar to the present one."[28]

Prior complaints lodged against Officer Van Houten for related conduct are relevant to demonstrating the Township of Roxbury's *Monell* liability. MCPO 324 – 356 are Roxbury Township Police Department Internal Affairs records concerning a 2007 investigation into allegations that Officer Van Houten misused a government computer database to obtain information and driver's identification photographs of various women.[29] "He would then send these pictures to other members of his squad for comment" and discuss their appearances via instant message.[30] Documents MCPO 357 – 419 concern a 2009 Roxbury Township Police Department Internal Affairs investigation that Officer Van Houten sent sexually explicit messages and pornography to a married woman using his work computer or a cell phone. Since documentation of prior complaints against Officer Van Houten of related conduct is necessary to

---

[27] *Id.* (internal quotations omitted).

[28] *Id.* (citing *Merman*, 824 F. Supp. 2d at 591); *see also Franks v. Cape May Cnty.*, No. 07-6005, 2010 WL 3614193, at *12 (D.N.J. Sept. 8, 2010) (holding that statistical evidence of prior instances of excessive force alone did not establish a failure to investigate claim since the plaintiff "provide[d] no evidence that those complaints that were dismissed were improperly investigated and should have been sustained").

[29] (MCPO 326).

[30] (Id.).

Ms. Schaeffer's burden to establish the Township of Roxbury's policy, practice, or custom, documents MCPO 324 – 356 and 357 – 419 are relevant.[31]

Furthermore, Ms. Schaeffer asserts civil rights claims against Officer Van Houten for depriving her of constitutionally protected rights while acting under color of state law. Documents MCPO 423 – 426 consist of a 2014 Roxbury Township Police Department report regarding Ms. Schaeffer's efforts as a confidential informant. Documents MCPO 427 – 436 consist of 2014 Prosecutor's Office reports regarding Ms. Schaeffer's allegations against Officer Van Houten. These internal reports concern Ms. Schaeffer's claims against the individual defendants and the Court finds that they are also relevant.

### b. Privilege Log

Next we ask whether any of the relevant records are subject to a privilege that prevents disclosure. The Prosecutor has supplied counsel and the Court with a privilege log referencing the withheld documents by marking author, recipient, and a very generic subject matter description.[32] The Federal Rules require a detailed and specific showing to withhold discovery on grounds of privilege.[33] The production of an inadequate privilege log or none at all, "is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver to the privilege."[34] A withholding party must "(i) expressly make the claim; and (ii) describe the nature

---

[31] *Torres*, 936 F. Supp. at 1211 (acknowledging that "supervisory opinions and responses to civilian complaints are highly relevant to proving municipal liability under 42 U.S.C. § 1983 for a municipal entity's alleged failure to adequately respond to complaints of police brutality").

[32] (D.E. 70-1).

[33] Fed. R. Civ. P. 26(b)(5).

[34] Fed. R. Civ. P. 26(b)(5) advisory committee's note to 1993 amendment. (Federal Civil Judicial Procedure and Rules, at 161-62 (2016).

of the documents, communications, or tangible things not produced or disclosed– and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[35] In *Torres*, this Court expressly applied this standard to claims of privilege over police internal affairs records and found that the defendant's "broad speculations of harm potentially flowing to the officers involved" were insufficient to support a finding of privilege.[36]

Here, the Prosecutor's Office privilege log asserts that the "law enforcement privilege" applies and prohibits the disclosure of all the withheld documents. The privilege log, however, included only generic subject matter descriptions that do not adequately "describe the nature of the . . . communications . . . in a manner that . . . will enable other parties to assess the claim" as required by Rule 26(b)(5).[37] Accordingly, the Court finds that law enforcement privilege has been waived in this instance. In the abundance of caution the Court will nonetheless analyze the merits of the privilege.

### c. Law Enforcement Privilege

The law enforcement privilege is a "qualified privilege designed to prevent the disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement."[38] In cases invoking the privilege, "the court is required to balance the public interest in having the information remain secret against the litigants' need to obtain discovery."[39] The

---

[35] *Id.*

[36] *Torres*, 936 F. Supp. at 1211.

[37] Fed. R. Civ. P. 26(b)(5).

[38] *Torres*, 936 F. Supp. at 1209.

[39] *Chladek v. Com. of Pa.*, No. 97–0355, 1998 WL 126915, at *2 (E.D. Pa. Mar. 10, 1998).

movant must therefore demonstrate that the documents' "relevancy is outweighed by the specific harm that would ensue from their disclosure."[40]

"A claim of privilege must be asserted by the head of the agency claiming the privilege after he or she has personally reviewed the material and submitted 'precise and certain reasons for preserving' the confidentiality of the communications."[41] The party asserting the privilege must also "'provide a court with the information necessary to make a reasoned assessment of the weight of interests against and in favor of disclosure,' and to allow the plaintiff 'a fair opportunity to challenge the bases for the assertion of the privilege.'"[42] Such information includes:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interest, (5) and a projection of how much harm would be done to the threatened interests if the disclosure[s] were made.[43]

---

[40] *Torres*, 936 F. Supp. at 1212.

[41] *Id.* at 1210 (citing *U.S. v. O'Neill*, 619 F.2d 222, 226 (3d Cir. 1980)).

[42] *Id.*

[43] *Id.* (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992)).

A court will only conduct an analysis of the government's interest in protecting the information at issue after it initially determines that a sufficient affidavit has been provided by the party asserting the privilege.[44]

The Prosecutor has not proffered an affidavit to support his privilege claim. Instead, the Prosecutor relies upon Assistant Prosecutor Thomas Schmid's Certification. Schmid's Certification states that he has personally reviewed the material in question and that the Office has maintained the confidentiality of the agency generated or collected material at issue yet the privilege log provides that the Office does not know the names of all people given documents MCPO 324 – 426.[45] The Certification also states that disclosure of "any of the documents" creates a substantial risk of harm to significant governmental interests without providing any specific examples of harm. Such "broad conclusions of harm are insufficient to meet the . . .burden of proving that the withheld documents are protected" from disclosure.[46] Privilege claims in a § 1983 case "[m]ust be so meritorious as to overcome the fundamental importance of a law meant to insure each citizen from unconstitutional state action."[47] Here, the law enforcement privilege has not been properly raised and the Court finds that good cause for the issuance of a protective order has not been shown. The Prosecutor's Motion for a Protective Order will therefore be denied.

---

[44] *Reid*, 34 F. Supp. 3d at 403.

[45] (Schmid Cert. at ¶ 2, D.E. 70).

[46] *Torres*, 936 F. Supp. at 1213.

[47] *Reid*, 34 F. Supp. 3d at 405 (quoting *Scouler v. Craig*, 116 F.R.D. 494, 496 (D.N.J. 1987)).

### d. State Internal Affairs Records

The Prosecutor's brief also relies upon New Jersey state law, *N.J.S.A.* 40A:14–181, in support of its Motion for a Protective Order.[48] Under *N.J.S.A.* 40A:14–181, "[e]very law enforcement agency" is required to adopt and implement guidelines consistent with the New Jersey Attorney General's Internal Affairs Policy and Procedures Manual ("Manual").[49] The Manual provides that internal affairs records are "confidential" but expressly states that such documents shall be released "[u]pon a court order."[50]

In evaluating whether the Prosecutor's Office can meet its burden, the Court will also consider relevant *Pansy* factors such as whether the information sought is important to public health and safety, whether the sharing of information among litigants will promote fairness and efficiency in the litigation, whether a party benefitting from the order of confidentiality is a public entity or official, and whether the case involves issues important to the public, respectively.[51] If the matter "involves issues or parties of a public nature, and involves matters of legitimate public concern, then that should be a factor weighing against entering or maintaining an order of confidentiality."[52] "A request for citizen complaints against police officers must be evaluated

---

[48] N.J. Stat. Ann. 40A:14-181.

[49] *See* New Jersey Office of the Attorney General, Division of Criminal Justice, *Internal Affairs Policy and Procedures* at 3 (Rev. July 2014), http://www.nj.gov/oag/dcj/agguide/internalaffairs2000v1_2.pdf

[50] *Id.* at 42.

[51] *Castellani v. City of Atlantic City*, 102 F. Supp. 3d 657, 668-69 (D.N.J. 2015) (citing *Pansy*, 23 F.3d at 787-88).

[52] *Id.* (citing *Pansy*, 23 F.3d at 788).

against the backdrop of the strong public interest in uncovering civil rights violations and enhancing public confidence in the justice system through disclosure."[53]

These interests would be substantially harmed if access to relevant internal affairs documents is denied in this case. This litigation involves public entities, public safety, and matters of public concern – all factors which support the disclosure of information in this case.[54] "Performance of police duties and investigations of their performance is a matter of great public importance."[55] Based on the relevant *Pansy* factors, the Prosecutor's Office has not demonstrated good cause to preclude the disclosure of information sought by Ms. Schaeffer. The Court denies the assertion of privilege for the same reasons the law enforcement privilege is not available.

   e. **Sensitive Information/Personal Identifiers**

The motion record is silent with regard to the disclosure of non-party personal identifiers and sensitive information contained within the internal affairs records, so the Court considers those issues *sua sponte*.[56] The documents contain social security numbers, driver's license numbers, dates of birth, home addresses, email addresses, potentially unlisted telephone numbers for non-parties to this litigation, and the names of alleged crime victims. Subject to further application from counsel showing good cause, all such information shall be redacted from the at-issue records prior to disclosure.

---

[53] *Soto v. City of Concord*, 162 F.R.D. 603, 621 (N.D. Cal. 1995) (citing Kelly, 114 F.R.D. at 660-61).

[54] *See Castellani*, 102 F. Supp. 3d at 668 (quotation marks omitted).

[55] *Castellani*, 102 F. Supp. 3d at 669.

[56] Fed. R. Civ. P. 5.2(e).

## V. CONCLUSION

For the reasons discussed herein, the Court finds that good cause has not been established for a protective order and the Prosecutor's Motion will be denied along with the request for an award of attorneys' fees and costs. Ms. Shaeffer's Motion to Enforce the Subpoena upon the Prosecutor will be granted in part.

An appropriate Order follows:

### ORDER

**IT IS** on this Thursday, February 02, 2017,

1. **ORDERED**, that the Morris County Prosecutor's motion for a protective order (D.E. 60), except as set forth herein, is **DENIED**; and it is further

2. **ORDERED**, that Plaintiff Shaeffer's motion to enforce (D.E. 51) is **GRANTED in part and DENIED in part;** and it is further

3. **ORDERED**, that the Morris County Prosecutor shall produce within 14 days documents marked MCPO 324 – 356, 334 – 419; and 423 – 436 for production in this litigation subject to the Discovery Confidentiality Order, D.E. 33 and subject to further order of this Court, the Prosecutor shall redact non-party personal identifying information to include photographs, social security numbers, driver's license numbers, dates of birth, home addresses, email addresses, unlisted telephone numbers, and the names of crime victims (other than Plaintiff Schaeffer).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

2/2/2017 9:22:31 PM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
    File